FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 AM 9: 49

TIMOTHY M. BURGESS
United States Attorney

RETTA-RAE RANDALL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. A05-118 CR (RRB) |
| Plaintiff, | ) ) ) | MOTION TO REVOKE ORDER OF RELEASE AND |
| vs. | ) ) ) | TO STAY PROCEEDINGS PENDING THE APPEAL AND REVIEW OF |
| MICHAEL SARGENT, | ) ) | MAGISTRATE JUDGE'S RELEASE ORDER, |
| Defendant. | ) ) ) | PURSUANT TO 18 U.S.C. § 3145(a) |

**Filed on Shortened Time**

The United States of America, by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(a), requests this court to revoke the Order of Release filed by the Magistrate Court in this matter and to stay proceedings pending review by the United States District Court of the Magistrate Judge's Release Order. The

10

government's concern is the safety of the elderly and vulnerable parents of Michael Sargent who are to be his alternative 24 hour sight and sound third party custodians.

## FACTUAL BACKGROUND

Michael Sargent ("Sargent") is charged by Indictment returned December 13, 2005, with one count of Theft of Public Property or Records in violation of 18 U.S.C. § 641, and seven counts of Theft of Property Used by Postal Service in violation of 18 U.S.C. § 1707. On December 8, 2005, Sargent was arrested pursuant to an arrest warrant and a complaint; on December 9, 2005, Sargent was ordered temporarily detained pursuant to the request of the government and a detention hearing was scheduled for December 14, 2005. (Docket 4) The hearing was partially held and, then continued until December 15, 2005, pending an assessment being done by Doctor Aaron Wolf. (Docket 5). On December 15, 2005, after further testimony, review of Dr. Wolf's report, and further argument and proffers by the parties, the Magistrate Court set forth conditions of release and ordered the defendant to be released on Friday, December 16, 2005, after Pretrial Services has confirmed that the electronic monitoring device is active. In addition to the electronic monitoring, Sargent will be residing with his parents, ages 85 and 79 respectively, as third-party custodians.

The government asked the Magistrate Court to stay the Release Order pending appeal to the District Court. That request was denied. The government's oral request for reconsideration was also denied.

## ARGUMENT

Sargent was an employee of the United States Postal Service for almost 30 years when he began the activities underlying the current charges, part of his motivation being his not receiving a promotion. He also has a current Federal Firearms and Explosive License and operates a business called Arctic Specialty Enterprises. A search warrant of his residence was executed simultaneously with his arrest at his place of employment. Sixty-six weapons were found in his residence, including assault weapons and silencers. According to his proposed third-party custodians, Sargent's primary social activities occur with members of the Machine Gun Club.

Sargent will likely be terminated from his employment if convicted of these felony offenses; he will also in effect lose his gun license. Sargent waived his rights upon his arrest and wrote a detailed confession to these charges. (Exhibit 1, Detention Hearing, Doc. 5) Sargent is facing a jail sentence based on the alleged intended loss in the offense. The current conditions of release which allow him to own but not possess weapons will prevent him from participating in a social activity of great importance to him.

The concern of the government is release of the defendant to his elderly parents as 24 hour sight and sound alternative third party custodians, even with electronic monitoring imposed. Mr. William Sargent, the father, is 85, and has back trouble which affects his legs and mobility; he walks with a cane and uses an electrical chair lift to get to the second story of his house. He is hard of hearing and wears hearing

aids. Mrs. Kathryn Sargent, is 79, and active. However, she is under a doctor's care and on prescription medication. Both will be driving the defendant. The defendant will reside in a bedroom on the second floor of the parent's house, down from their bedroom, with the stairway in between.

The argument of the government for detention is based upon the unpredictability of Sargent, his long-term grievances against the Postal Service and threats made to other postal workers. Sargent's alleged motivation for his criminal activity was that he would like to see the USPS "go bankrupt." See Affidavit in Support of Criminal Complaint. He kept empty shell casings in his pockets at work, and when cautioned that he could be fired for his conduct, he allegedly pulled out empty casings and indicated which one would be used on which person if that occurred. He also told an employee that she should take vacation if he was ever fired. Id.

The conditions of the Sargent's house at the time of the search strongly indicate that Sargent was deteriorating emotionally and psychologically. He indicated to Dr. Wolf that stress occurring from his employment (and dating from the actual beginning of the criminal activity) caused him to begin drinking again and to obtain prescription sleeping medicines from a "mail order" pharmacy service. Sargent told law enforcement at the time of his arrest that he was not on any prescription medicines. During a search of his trash from his residence during the investigation, empty containers of Valium and Stilnox, a sleeping aid, both either made in or ordered from Germany, were found.

Sargent had 5 cats in the house at the time of his arrest and the search; cat feces were prevalent throughout the house, and the house was extremely dirty. Four assault weapons were strewn on the floor of one of the rooms. Although, the house was locked, none of the weapons inside were additionally secured; there was a great deal of ammunition present. APD has removed what weapons were visible to them and will hold them for the next 15 days for safekeeping. A condition of his release is that Sargent is not to return to his house. Sargent's parents were not aware of the condition of the house, or of his drinking, until after his arrest; however, they describe their relationship with their son as "close." (The above information was obtained pursuant to the Affidavit in support of the Complaint file in this case, and testimony at the detention hearing.)

Regardless of all of the conditions imposed by the Magistrate Court, the age and medical status of his parents make them vulnerable third-party custodians. Sargent's arrest in this case and potential loss of job and other livelihood are the precipitating factors for his threats to be carried out. He still has his license to buy some of the most dangerous weapons that exist. For the safety of all members of the community, including the postal employees and his parents, the government requests that Sargent be detained.

## CONCLUSION

The United States respectfully requests that the Court revoke the Order of Release issued by the Magistrate Court in this matter, and stay further proceedings

pending review by the United States District Court of the Release Order pursuant to 18 U.S.C. §3145(a).

RESPECTFULLY submitted this 16th day of December, 2005, at Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

*/s/ Retta-Rae Randall*
RETTA-RAE RANDALL
Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 16, 2005, via:

(X) fax

Mary C. Geddes
Assistant Federal Public Defender
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
Fax (907) 646-3480

Executed at Anchorage, Alaska, on December 16, 2005

*/s/ Kristen Eckstadt*
Legal Assistant
Office of the U.S. Attorney

TIMOTHY M. BURGESS
United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99507
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. A05-118 CR (RRB) |
| Plaintiff, | ) ) | |
| vs. | ) ) | **AFFIDAVIT OF RETTA-RAE RANDALL** |
| MICHAEL SARGENT, | ) ) ) | |
| Defendant. | ) ) | |

I, RETTA-RAE RANDALL, being first duly sworn upon oath, depose and say:

   1.   I am the Assistant United States Attorney assigned to this case.

2.      All of the representations contained in the attached Government's Motion To Stay Proceedings and For Review of Magistrate Judge's Order Pursuant to 18 U.S.C. §3145(a) are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: 12/16/05        .

RETTA-RAE RANDALL
Assistant U.S. Attorney

SUBSCRIBED AND SWORN TO before me this 16th day of December, 2005, Anchorage, Alaska.

Notary Public in and for Alaska
My Commission Expires: 5/16/09