Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 AM 11:16

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. A05-118 CR (RRB) |
| vs. | |
| MICHAEL DAVID SARGENT, | OPPOSITION TO GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE |
| Defendant. | AND TO STAY PROCEEDINGS |

      While Michael Sargent sat in custody, the government had one week to prepare and present evidence in support of its demand for detention at the time of his initial appearance. The government did not ultimately carry its burden in establishing that a combination of conditions would not reasonably guarantee the safety of the community.[1] Therefore, the court should deny any stay of the order of release in this case, and defer to the magistrate judge who heard the sole

---

[1] Although the government has characterized the detention as a 'partial' one, the magistrate-judge did not interfere with its presentation of evidence. It had but one witness, and his direct examination was completed by the time the defense attorney proposed that cross-examination be suspended, in order to specify what conditions of release could ameliorate the government's concerns.

government witness complete his direct testimony, and who evaluated the qualifications of the third-party custodians appearing before him in court. The government specifically requested a stay from the magistrate-judge which the magistrate judge saw fit to deny.

Michael Sargent, a 30 year employee of the Postal Service, and a union representative, worked in the bulk business mail entry unit. He had six co-workers and supervisors, in total. Reportedly, he had passed over for promotional opportunities and was unhappy with the management of his unit.

The government has arrested and charged the 47 year old Sargent with felony counts of theft, based upon his admitted failures to charge the United States Postal Service for bulk business mailings, which did in fact get mailed. Mr. Sargent has indicated that he had failed to bill the Postal Service for business mailings between March and November 2005. In his home, Mr. Sargent apparently maintained a record of the yet-to-be-billed transactions. Each business customer deposits funds with the Postal Service which then are drawn against for each mailing. As a result of Mr. Sargent's actions, the debits were never recorded and the customers' funds were not drawn down.

Mr. Sargent is a long-time Anchorage resident, who owns his own home. His parents also live in Anchorage. His sister, her husband and their children live in Wasilla. Mr. Sargent lives alone and has for years. He owns five cats. Mr. Sargent is also a licensed firearm dealer, with a significant inventory of weapons of all classes. He has been active in various gun clubs and charity "shoots."

In this case, <u>no statutory presumption</u> of detention applies. The defendant, lengthy resident of Anchorage and a 30-year employee of the Postal Service, is charged with a <u>property,</u>

<u>work-related crime</u>, theft during the course of his duties. <u>At age 47 years, he has no record of convictions</u>, but he has a ten-year-old "set-aside for misdemeanor "harrassing communications."

In seeking detention, the government expressed the following concerns:

- that he owned and kept many guns in his house, as he is a federal firearms dealer,

- that he could arrange to obtain firearms because of his license,

- that he had made statements over the years to co-workers which were now viewed, retrospectively, months and years later, as worrisome and threatening,

- that the case reflected a long grudge against the Postal Service,

- that he lived alone and that conditions in his house suggested a mental problem

- sleeping pill packaging found in his house suggested he may have obtained without a prescription,

- that he had a history of alcohol abuse,
    - alcohol had been a significant factor in the 1994 acts leading to his SIS,
    - that he had gone through treatment and it was believed he was abstaining from alcohol
    - bottles of Bailey's in his trash indicated he had re-commenced drinking.

To ameliorate all concerns, Mr. Sargent made the following arrangements and concessions:

✓   On Wednesday night, the Anchorage Police Department moved all firearms belonging to and in the possession of Mr. Sargent from his house <u>into APD Property</u> for safekeeping, as a courtesy to Mr. Sargent;

✓   Agreed that Mr. Sargent would be prohibited from returning to his house, as his firearms license only allows him to come into possession and receive firearms at that address;

- ✓ Arranged to have his five cats removed from the home and taken care of elsewhere.

- ✓ Agreed to "no contact" and "area restrictions" conditions which preclude Mr. Sargent from any contact with his six-co-workers and from going to the postal facility where he worked and to the offices at which postal management is housed;[2]

- ✓ Agreed to 24-hour third-party supervision, and electronic monitoring and curfew restrictions,

- ✓ Agreed that only his third-parties (his parents) could drive him,

- ✓ Agreed to reside at his parents' home and live by their rules;

- ✓ Submitted to a mental health assessment by a psychiatrist <u>who determined</u> that Mr. Sargent would not present a risk to any one under the conditions proposed;

- ✓ Agreed to submit to random screening for drugs and alcohol,

- ✓ Agreed to submit to alcohol assessment expert upon release to determine what, if any, course of treatment is needed during the period of pretrial release.

After hearing on direct from the government's witness, the magistrate judge - applying his thirty years of experience in detention hearings - accepted the proposed conditions and set conditions of release. Nevertheless, the government is still insisting on "detention" based upon characterizations of the defendant, that were not supported by the evidence. The hearing established only :

--Mr. Sargent was liked by his co-workers, and statements and conduct <u>now</u> characterized as potentially threatening to co-workers were temporally remote to this misconduct and investigation, were considered jokes at the time, and were <u>never</u> reported as inappropriate, harassing, threatening to any supervisor or law enforcement.

---

[2]It should be noted that Mr. Sargent no longer possesses post office credentials/security which provide him with access to his workplace.

-Mr. Sargent's conduct during arrest, interrogation, booking and incarceration was cooperative and pleasant and not suggestive of violence, agitation, intoxication, or mental illness;

Mr. Sargent, a union representative, utilized the USPS grievance process to make his complaints, and had no history of any assaultive conduct.

This court should grant neither a stay nor an appeal of the release order. If this court is inclined to do so, then the undersigned requests a full hearing on the matter at which she will present witnesses.

The undersigned is concerned with the certain statements made by the prosecutor. Mr. Sargent is not an explosives dealer. His firearms - all legal - have all been removed from the home by arrangement of Mr. Sargent, and are with the Anchorage Police Department. Arrangements can be made for the Department to keep them for a longer period, according to APD Sgt. Ted Smith, who knows Mr. Sargent through Mr. Sargent's volunteer work . Although his parents are elderly, the court was able to see that both are hale and hearty, concerned that their son be fully compliant with the law, and capable of reporting him immediately is he's not. Mr. Sargent's bum leg has been acting up only the last six months. Mrs. Sargent will see the doctor next in about four months. She is a vital individual, articulate and clear-headed. While there were indications in his home that Mr. Sargent was under stress (the condition of his house, his use of sleeping medications and Bailey's), the psychiatric assessment ameliorated the court's concerns since Mr. Sargent would be staying with his parents and would be monitored by pretrial services. The government has also unfairly speculated that this is an undersocialized individual unknown to his parents. The record speaks wholly to the contrary. His parents talk to him during the week and see him once a week for Sunday dinner. They have been to his home. They also reported that in the two days after his arrest, they received calls

from thirty individuals identifying themselves as friends and offering assistance. During the detention hearing, present in the courtroom and identified to the court were parents, the defendant's brother in law, and three friends who wished to be identified and to give character testimony. One of them was a staff sergeant with the United States Army, and one of them was a Federal Protective Services officer.

The government made its record and failed to carry its burden. This court should deny its stay.

DATED this 16th day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

Mary C. Geddes
Assistant Federal Defender

Certification:

I certify that on December 16_, 2005, I hand delivered a copy of this document to:

Retta-Rae Randall, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

Lenora L. Roehling

Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>                Defendant. | Case No. A05-0224 MJ (JDR)<br><br>**AFFIDAVIT OF COUNSEL** |

STATE OF ALASKA              )
                             ) ss.
THIRD JUDICIAL DISTRICT      )

        Mary C. Geddes, being first duly sworn upon oath, deposes and states:

        1.     I am the attorney assigned to represent defendant in the above-captioned case.

///

///

///

2.  All the representations contained in the attached motion are true and correct to the best of my knowledge.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*[signature]*
Mary C. Geddes

SUBSCRIBED AND SWORN to before me this _16th_ day of _December_, 2005.

*[signature: Lenora L. Roehling]*
Notary Public in and for Alaska
My Commission Expires: 3/14/2007

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2007

2