FILED

DEC 1 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>MICHAEL SARGENT,<br><br>                Defendant. | A05-118 CR (RRB/JDR)<br>[3:05-00118-CR-RRB-JDR]<br><br>**ORDER**<br>**REGARDING BAIL RELEASE** |

The government requests that defendant **Michael Sargent** be detained without bail. The defendant is a 47-year old single man who has been suspended from his employment with the Postal Service pending the outcome of the prosecution. The motion is opposed by the defendant who offers the services of two third-party custodians plus submission to conditions including electronic monitoring. An evidentiary hearing was conducted on December 14, 2005 and suspended with the acquiesce of counsel when the magistrate judge indicated that an evaluation by

13

a psychiatrist or psychologist was deemed appropriate before the court would rule upon the suitability of a third-party release.

Dr. Aaron Wolf examined Michael Sargent on December 15, 2005, and his written report was provided to the counsel of record, the pretrial services officer and the court. Dr. Wolf's assessment is that Michael Sargent is not a present danger to himself or to the community. The conditions of release recommended by Dr. Wolf have been implemented by the magistrate judge for the most part. Michael Sargent has no criminal record. On December 15, the magistrate judge heard the testimony of the proposed third-party custodians, the defendant's parents, who were found to be suitable third-party custodians. The magistrate judge found no physical or mental impairments that would prevent the parents from performing their obligations to the court as third-party custodians.

The parties were heard concerning conditions of release and the court ruled from the bench what conditions would be imposed. Thereafter, counsel for the government requested a stay of the release order pending application of appeal to the district judge. The stay was denied but no release order was immediately entered because Pretrial Services needed to verify the commencement of electronic monitoring. Thus, the government was advised that it would have a short opportunity to seek a stay of execution from the district judge before the release could be effectively implemented.

Defense counsel made a proffer of additional evidence that she would produce on the defendant's behalf if the magistrate judge were not inclined to release the defendant on bail. The government was offered an opportunity to make its own proffer of evidence. The government then moved for reconsideration. The only additional evidence offered was some photographs as part of Exhibit 2 that had not been admitted into evidence. That motion was opposed by the defense.

The government has not offered any evidence or arguments that would persuade the magistrate judge to alter his bail ruling. There is no statutory presumption of detention. The government's concern about the defendant's possession of firearms has been sufficiently ameliorated by the removal of the firearms from the residence to the custody of the Anchorage Police Department. The defendant is prohibited by the conditions of his release from possessing a firearm or destructive device. Mr. Sargent is prohibited from returning to his own residence while released on bail. He will reside with his parents, the third-party custodians.

The government has offered no evidence of any recent threats to anyone by the defendant. According to the testifying investigator several unidentified co-workers expressed a concern about their safety because of Sargent's threats if he were fired. The defendant was not fired, his employment has been suspended as a result of the indictment. No affidavits or testimony from co-workers

or supervisors regarding any threats was presented. According to the evidence the defendant was by-passed for a promotion about a year ago. His alleged grudge against his co-workers occurred in this time frame. The generalized fear of retaliation against defendant's co-workers has been addressed by the following bail condition: the defendant is prohibited from contacting his prior postal co-workers (the defendant has been suspended from work), the supervision of the third-party custodians, the curfew and loss of mobility by the defendant to go anywhere without one of his custodians. The motivation for defendant's conduct underlying the criminal charges appears to be that of a disgruntled employee who has allegedly caused the U.S. Postal Service to lose revenues. His animosity is against the postal service for whom he has worked for 30 years without harming anybody.

The government expressed concern about some Bailey's liquor bottles found by the agents while searching the defendant's residence. There is no evidence that the defendant currently[1] has an alcohol or a substance abuse problem. Additionally, the conditions of release prohibit him from the use of any alcohol and impose the requirement that he undergo an assessment for substance abuse, as well as, submit to random urinalysis and drug testing. There is no evidence that the defendant has had any involvement with drug trafficking. Based upon the testimony adduced at the bail hearing the magistrate judge is not likely to reverse his decision

---

[1] In 1995 the defendant successfully completed a program for alcohol assessment.

even if the government's photographs were considered. The government argues that no set of conditions could be fashioned to permit the defendant to obtain pretrial release. The magistrate judge has ruled otherwise.

DATED this 16th day of December, 2005, at Anchorage, Alaska.

　　　　　　　　　　　　　　／s／ John D. Roberts
　　　　　　　　　　　　　　JOHN D. ROBERTS
　　　　　　　　　　　　　　United States Magistrate Judge


A05-0118--CR (RRB)    Am 12-16-05
M. GEDDES (FPD)
R. RANDALL (AUSA)
JUDGE BEISTLINE