Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>                Defendant. | Case No. A05-0118 CR (RRB)<br><br>**UNOPPOSED MOTION TO<br>CONTINUE TRIAL** |

       Defendant, Michael David Sargent, by and through counsel Mary C. Geddes, Assistant Federal Defender, moves this court for a continuance of trial until the week of February 20, 2006.  This motion is unopposed by Retta-Rae Randall, Assistant United States Attorney.

       Because this case involves the receipt and analysis of documents pertaining to hundreds of postal transactions over a twelve-month period, it is factually complex, and a continuance for less than a month beyond the presently-scheduled trial date would serve the ends of justice under 18 U.S.C. § 3161(h)(8)(B)(ii).

Speedy Trial Clock

Mr Sargent was indicted on December 14, 2005. The trial was scheduled for January 30, 2006.

Since Mr. Sargent's arraignment, counsel for the defense has filed three motions relating to the issues in the case.

On December 20, 2005, counsel moved to extend time to allow the filing of a bill of particulars, based upon her planned leave of absence from her office from December 20, 2005, through January 3, 2006. That motion was denied by the magistrate judge on December 22, 2005.

On January 6, 2006, Mr. Sargent filed a non-opposed motion to continue the filing date of pretrial motions until January 9, 2006.

On January 9, 2006, Mr. Sargent filed an under-seal motion to change place of trial from Anchorage to Fairbanks. On Tuesday, January 17, 2006, the government filed its opposition (also under seal), but failed to serve Mr. Sargent. That failure to serve has been corrected by a service by telefax today, January 19, 2006, by agreement of the parties.

In a separate motion, Mr. Sargent will be requesting additional time to reply to the government's opposition to his motion to change place of trial.

Even without counting delays to trial occasioned by the defendant's motions, 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(J), a trial commencing on February 20 or 21, 2006, still would be within the 70-day speedy trial limitation. 18 U.S.C. § 3161(c)(1).

Basis for Continuance

A delay of trial in this case, in any event, would serve the ends of justice under 18 U.S.C. § 3161(8)(A), given the nature of the prosecution. See 18 U.S.C. § 3161(h)(8)(B). The

counts allege thefts of postage statements, either property of or used by the Postal Service, by Mr. Sargent. The government elsewhere has alleged that the items involved have a value in excess of $400,000, that the thefts occurred over 11 months, and date from hundreds of occasions.

## Procedural History

At arraignment, defense counsel for Mr. Sargent informed the court that she was unavailable due to previously-scheduled leave from December 19, 2005, through January 3, 2006. The magistrate judge nevertheless ordered pretrial motions to be filed on January 5, later amended to January 6, 2006. The magistrate judge denied defendant's timely motion (December 20, 2005) to extend time to request a bill of particulars.

## The Flow of Discovery

At Mr. Sargent's arraignment on December 14, 2006, the court required government discovery to be provided by December 21, 2005. Some discovery was, in fact, received before that deadline. Additional discovery, though, has been received since then, on the following dates, and in the form described:

| Date Received by FPD | Form or Type | Amount – Volume |
|---|---|---|
| 12-22-05 | Paper | 33 pages |
| 12-22-05 | CD | 2 |
| 12-30-05 | Paper | 391 pages |
| 01-10-06 | VHS | 7 |
| 01-11-06 | Paper | 128 pages |
| 01-18-06 | DVD | 3 |

Relevance of Discovery to the Indictment

In this case, in all counts of the indictment, the government has alleged the theft of postage statements[1] by Mr. Sargent. In Counts 2 through 8, the theft identifies "postage statements" as property *used by the* United States Postal Service. These counts allege specific dates on these statements, the postal customer, and the value of each one.

However, Count 1 is quite different. First, the government alleges that the "postage statements" stolen were the property of the United States. Second, the content is wholly unspecific as to the items stolen. From its language, it is not possible to ascertain whether the Count 1 theft is supposed to encompass the postage statements identified in Counts 2 through 8, nor to ascertain which postage statements were allegedly stolen, i.e., who was the postal customer, when was it made, or the value of each statement.

This is why a continuance is necessary. Assuming the government can adequately specify through discovery which specific postage statements are encompassed in Count 1, there will be no prejudice to the defendant in the denial of his opportunity to obtain a bill of particulars. From the government's correspondence, it appears that the government intends to allege the theft of postage statements, aggregately valued as $417,267.94, over a 12 month period. (The government indicated yesterday that a recently-conducted USPS "audit" has reconstructed mailings with that aggregate value.) The USPS audit results would apparently identify all dates, makers, and value of the postage statements alleged aggregately but without specificity in Count 1.

---

[1] Postage statements relate to the submission of bulk business mail for processing at USPS facilities.

4

Additional Discovery Is Forthcoming

Ms. Randall has told the undersigned that the audit results will be provided in the near future. Defense counsel will thereafter require time to analyze those results.

Additionally, the government has promised to make its agent/postal inspector available for the purpose of identifying hundreds of pages provided in discovery. The agent is not available for this purpose sooner than January 26, 2006. Hundreds of handwritten pages have been provided in discovery which have not yet been identified by author or source. The pages contain no narrative, but only mathematical figures, additions, multiplications, etc. Not until the sources of these documents are identified can the defense determine if further factual investigation is required before trial.

Finally, some of the copies provided appear to have been torn and then put back together again. Given these observations, it will be necessary for the defense to inspect the original documents. Counsel hopes to be able to accomplish this inspection in the upcoming meeting with the case agent and prosecutor.

Conclusion

Because the nature of the prosecution is requires familiarity with postal service bulk business mailing procedures, and an investigation of each of the instances apparently relied upon for the Count 1 theft allegation, the undersigned seeks a continuance of trial until the week of February 20, 2006. The ends of justice will be served by allowing Mr. Sargent to receive and view the postal service audit and to obtain identification of the voluminous records provided in discovery, with sufficient time to prepare a constitutionally-adequate defense. As previously indicated, the request is unopposed.

DATED this 19th day of January, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on January 19, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Retta-Rae Randall, Esq.

/s/ Mary C. Geddes