Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>Defendant. | Case No. A05-0118 CR (RRB)<br><br>**OBJECTION TO THE RECOMMENDATION REGARDING MOTION FOR A CHANGE IN PLACE OF TRIAL TO FAIRBANKS** |

Both the government and the magistrate judge have misread the motion submitted and applied the wrong standards. See Government's Opposition, Docket 26, at 3 ("To support a change of venue motion . . ."). The magistrate judge concluded, "The defendant's showing . . . does not warrant a change of venue [sic]. Report and Recommendation at 6. **In fact, Mr. Sargent does not seek a change of venue under Rule 21.** Under Rule 18, he moves for a different trial setting within this undivided judicial district. See Mr. Sargent's Motion for a Change in Place of Trial to Fairbanks," Docket 25.

The magistrate judge also erroneously concluded Mr. Sargent put forth "no reasons why convenience to him necessitates a trial in Fairbanks." Recommendation at 7, lines 17-18. Mr. Sargent's motion clearly indicated that he sought trial elsewhere because front page and extensive coverage of Mr. Sargent's case in Anchorage's only daily newspaper during December

2005 could prejudice potential jurors. Obviously, then, it is more "convenient" to the defendant that his trial be held where the jury pool is less likely to have been exposed to such coverage.

Rule 18 does require that the place of trial be set with "due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." Two of these factors, the "due regard for the convenience of the defendant" and the "prompt administration of justice," indicate that **a trial-setting outside of Anchorage is an appropriate administrative and prophylactic measure** in light of the recent, prominent, and prejudicial publicity Mr. Sargent's case has received in Anchorage.

The assignment of cases to locations within a district is a matter **within the exclusive domain of the local district judges**. United States v. Lewis, 504 F.2d 92, 97 (6th Cir. 1974), cert. denied, 95 S. Ct. 1974, 421 U.S. 975, 44 L. Ed. 2d 466 (1975). As previously noted and argued, under Rule 18 of the Federal Rules of Criminal Procedure, the district court has the authority to fix the place of trial within the district and to transfer trial proceedings to another place within this district, even if the case has already been scheduled for trial elsewhere by operation of the government's filing in Anchorage. See United States v. Addonizio, 451 F.2d 49, 76-77 (3rd Cir. 1971), cert. denied, 92 S. Ct. 949, 405 U.S. 936, 30 L. Ed. 2d 812, reh'g denied, 92 S. Ct. 1309, 405 U.S. 1048, 31 L. Ed. 2d 591 (1972).[1]

Judicial deference to the defendant's circumstances is indicated in setting the place of trial within a district. In this case, "due regard for the convenience of the defendant" operates in favor of a trial setting in Fairbanks (or Juneau or Nome, for that matter). It is indubitably "convenient" for the defendant that the jury pool from which his trial jury is drawn is unexposed to the lengthy articles on December 10 and 21, 2005, in the ANCHORAGE DAILY NEWS.

---

[1] Neither the government nor the magistrate judge acknowledged or discussed the governing case law for this Rule 18 determination.

2

It is also beneficial to the "prompt administration of justice" – another Rule 18 factor weighing in favor of a trial-setting elsewhere – that Mr. Sargent's jury trial not get bogged down by lengthy and individualized voir dire to ascertain what panel members recall of the ANCHORAGE DAILY NEWS coverage of Mr. Sargent's case, and to candidly reflect on its impact. Moving the trial elsewhere, to other locations in Alaska, will avoid any necessity for such careful questioning.

There can be no real dispute that the ANCHORAGE DAILY NEWS stories clearly had the potential to prejudice Mr. Sargent's trial. Unbelievably, the government merely characterized the stores as "not totally [sic] flattering." Recommendation at 4. Both stories repeated government allegations of threatening conduct by Sargent towards co-workers, his possession of firearms (including machine gun silencers), empty bottles of sleeping pills, Bailey's liquor, and the inhabitable condition of his home due to animals.

Mr. Sargent was arrested on non-violent, embezzlement-type charges on December 8, 2005. After his first appearance in court, the ANCHORAGE DAILY NEWS ran a front-page story of 756 words, in which the government prosecutor was quoted as describing Mr. Sargent as mentally ill and potentially dangerous.[2]

Both ANCHORAGE DAILY NEWS articles detailed evidence and arguments concerning Mr. Sargent's mental status and potential "dangerousness" in the context of a detention determination. The matters of his gun ownership, firearms license, his extensive gun inventory, and the condition of his cats and home – while arguably relevant to detention – are all clearly irrelevant and unfairly prejudicial to the fair consideration of evidence in a non-violent government theft case. Mr. Sargent does not intend to present a diminished capacity defense at trial, so evidence of alcohol

---

[2] Additionally, the prosecutor was quoted as stating, "The question that isn't answered is how he had or kept [his federal firearms dealer permit] with a mental health history." This statement was particularly unfairly prejudicial because it suggested Mr. Sargent had misrepresented his mental health history to federal authorities in order to obtain firearms. In fact, this experienced prosecutor had no reason to believe that Mr. Sargent had ever been adjudicated as mentally ill or incompetent, which she must know is the disqualifying fact for firearms licensure.
    The second ANCHORAGE DAILY NEWS article also erroneously stated that Mr. Sargent had previously been charged with making threats against a co-worker. In fact, Mr. Sargent was charged with harassment 1995.

3

or drug consumption and his mental history are also irrelevant and unfairly prejudicial to the trial of the theft charges.

Because the discussion of these irrelevant matters has been extensive in the newspaper articles, because the nature of these matters is prejudicial (e.g., dangerousness, mental illness, drug and alcohol abuse), and because the articles have been featured prominently in the only daily newspaper in Anchorage, it can be fairly said that such coverage will burden this court's enforcement of Mr. Sargent's right to a fair trial in Anchorage.

In its opposition, the government has contended that the Fairbanks population has been exposed to the same information, so a trial setting in Fairbanks will do Mr. Sargent no good. However, the coverage obviously is not comparable.

First, any prejudice arising from a single 265-word article on page three of the FAIRBANKS DAILY NEWS-MINER article (December 11, 2005) pales next to the front-page position and the treatment of a major news event (796 words) provided in the ANCHORAGE DAILY NEWS (December 10, 2005). This front-page story was followed by a second, lengthy story in the ANCHORAGE DAILY NEWS (384 words) on December 21, 2005.

Second, the character of the news coverage differs greatly. The FAIRBANKS DAILY NEWS-MINER article was not especially inflammatory. It was an eight-paragraph story which devoted only the last 2 paragraphs to a discussion of Mr. Sargent's background. In contrast, the front-page ANCHORAGE DAILY NEWS story contained nineteen paragraphs, ten of which concerned information other than a discussion of the charges. In fact, the second, third, and fourth paragraphs of this article stated the following:

> The employee, Michael Sargent, 47, was charged Friday with stealing and disposing of public records. Assistant U.S. attorney Retta Randall argued he should not be released to the custody of his family while he awaits trial because he could be considered dangerous due to mental illness, alcohol abuse, a penchant for weapons and a history of making threats.

"He is a disgruntled public employee," Randall said. "Access to weapons is of concern."

Sargent, who owns the firearm business Arctic Specialty Enterprises, is a gun dealer with a federal permit, she said. A search of his Dimond-area house, conducted as part of the postal investigation, revealed a cache of 66 firearms, including a machinegun and silencers.

Eleven or twelve of the paragraphs of this story concern irrelevant and prejudicial matters which would be inadmissible in the trial of the theft case. The follow-up story in the ANCHORAGE DAILY NEWS was titled "Suspect In Postal Theft Released" and subtitled "CUSTODY: Suspect who allegedly threatened co-workers released to elderly parents." Five of the fifteen paragraphs concern irrelevant and prejudicial matters which would be inadmissible in the trial of the theft case, e.g., a prior termination following charges of making threats against a co-worker, access to weapons, history of mental illness.

Because Rule 18 gives deference to the defendant's needs, in this case to a panel free of influence from irrelevant and prejudicial information in the ANCHORAGE DAILY NEWS; because a trial setting elsewhere promotes the "prompt administration of justice," by eliminating the need for jury questionnaires or the individualized questioning of panel manners with respect to their familiarity with the ANCHORAGE DAILY NEWS coverage; and because the inconvenience of the witnesses can be minimized by the scheduling of trial in Fairbanks, only an hour away by jet, this court should grant Mr. Sargent's motion to change the place of trial.

DATED: January 24, 2006        Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on January 24 2006, a copy of the
foregoing document was electronically served on:

Retta-Rae Randall, Esq.

/s/ Mary C. Geddes