Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>          Defendant. | Case No. 3:05-cr-0118-RRB<br><br>**MR. SARGENT'S TRIAL BRIEF** |

Defendant, Michael David Sargent, by and through counsel Mary C. Geddes, Assistant Federal Defender, hereby submits the following brief in preparation for trial in this action.

I.     PROCEDURAL BACKGROUND AND PARTIES' EXPECTATIONS

In a multi-count indictment, Michael Sargent was charged with the theft of documents, i.e., postage statements,[1] from the place of his employment, the United States Postal Service. The government alleges that the "value" of each stolen postage statement is the dollar amount written on the form by the mailer.

---

[1] Mr. Sargent is not charged with the theft of money, postage, or mail.

This case originally was set for trial on May 1, 2006. On April 15, Mr. Sargent informed the government that he would waive a jury trial. He also informed the government that he did not wish to dispute the theft of postage statements. Mr. Sargent informed the government that he sought only a judicial determination as to one element of the offense, that which alleges the postage statements have the requisite value exceeding $1,000. Accordingly, he proposed a stipulated-facts trial as to the value element.[2]

The parties still are in the process of finalizing stipulations. In the meantime, Mr. Sargent has filed proposed findings of fact, along with this trial brief.

Mr. Sargent is in the process of preparing admissions. His counsel was out of the office Monday afternoon and all day Tuesday with a medical matter, so she has been delayed in their preparation. She expects to submit them later today, if not at the time of this filing.

The parties have not yet determined whether witnesses shall be called at trial. Mr. Sargent did notify government counsel on April 14, 2006, that he may call an expert witness, David Cottrell, CPA, with respect to the issue of value. In any event, however, the parties have estimated the trial will last no longer than a day. Trial has been scheduled for May 4, 2006.

In the event of a conviction, in light of Mr. Sargent's timely notification, waiver of jury trial and related rights,[3] and considerable efforts to narrow the court's determinations to the quasi-legal issue of value, the parties anticipate that, absent any other developments to the contrary,

---

[2] A trial court judge can draw reasonable inferences about an element of the crime based on stipulated facts. *See United States v. Zavala*, 839 F.2d 523, 527 (9th Cir. 1988); *United States v. Schuster*, 734 F.2d 424, 426 (9th Cir. 1984); *United States v. Bazuaye*, 240 F.3d 861, 864-65 (9th Cir. 2001).

[3] By waiving a jury trial, Mr. Sargent has waived the right to appeal this court's previous determination that he is not entitled to a change in the place of trial within the District of Alaska.

Mr. Sargent should be eligible for a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a), (b)(2), 18 U.S.C.A. The parties also agree that if Mr. Sargent is convicted and sentenced to jail time, he should remain on release conditions and be eligible for self-reporting.

## II.      FACTUAL BACKGROUND

Michael Sargent was a long-time employee of the United States Postal Service (USPS) and its Business Mail Entry Unit (BMEU).

As a result of an investigation, Postal Inspectors concluded that Mr. Sargent was responsible for multitudinous instances of "by-passed" mail in 2005. "By-passed" bulk business mail is that which was accepted and processed for mailing but for which the cost of its postage was not recorded by the BMEU employee into the USPS accounting system.

Law enforcement searched Mr. Sargent's work, garbage, home, and computer. The Inspectors found several discarded "postage statements" in his trash and an Excel spread sheet in his home computer. The spreadsheet documented hundreds of instances of by-passed mail.

After his arrest, Mr. Sargent waived his rights and gave an uncounseled statement in which he admitted that, without authority, he had taken postage statements home from the BMEU. Mr. Sargent further admitted that he had discarded the forms, after recording the information from them into his Excel spreadsheet. Mr. Sargent explained the entries in the spreadsheet to the Postal Inspectors.

The government has been able to utilize the spreadsheet to reconstruct bypassed transactions with the BMEU's customers, and thus to ensure that payment was, is, or will be received for all of them. Consequently, the government has informed Mr. Sargent that it expects no restitution will be owing.

**III.     GOVERNMENT CHARGES AND DEFENSE THEORY**

Mr. Sargent is not charged with the theft of money, postage, or mail, but only with the theft of the postage statements. He has been charged under alternative theories: the statements taken were either property "of" the United States (count 1), or property "used" by the Post Office (counts 2-8).

Counts 2 through 5 and 7 through 8 relate to individual and original postage statements which were found discarded at Mr. Sargent's house. Mr. Sargent believes that Count 6 relates to a copy of a postage statement found at he house; Mr. Sargent believes that the original statement is still maintained by the USPS.

As previously stated, Michael Sargent has been charged with the theft of documents, i.e., postage statements, from the United States Postal Service.

Section 641 criminalizes the theft of a "record, voucher, money, or thing" of the United States. 18 U.S.C. § 641. The statute requires that the item taken must have "value." *See United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994) (noting that "value" is an element of a § 641 offense).

Additionally, the statute provides two tiers of penalties depending on the value of the stolen property. If the value exceeds $1,000, the court can sentence the defendant to a maximum of ten years in prison. *Id.* Since this offense is "punishable" by a term of imprisonment "exceeding one year," it constitutes a felony. 18 U.S.C. § 1(1). If the value is $1,000 or less, however, the maximum sentence is one year, 18 U.S.C. § 641, which makes the offense a misdemeanor. 18 U.S.C. § 1(2).

In this case, the government alleges by its indictment, and through its discovery, that the "value" of each stolen postage statement is the dollar amount written on the form by the mailer.

Mr. Sargent will dispute that those items, individually or aggregately, have the type of value which is statutorily required for felony convictions.

DATED this 27th day of April, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on April 27, 2006, a copy of the foregoing document was served electronically on:

Retta-Rae Randall, Esq.

/s/ Mary C. Geddes