IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>       Defendant. | Case No. 3:05-cr-0118-RRB<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT OF GUILT** |

I.   INTRODUCTION

      Defendant Michael Sargent was charged by Indictment, filed December 14, 2005, of eight violations of the United States Code, all felonies.  He was charged in Count 1 of the Indictment with Theft of Public Property or Records, in violation of 18 U.S.C. § 641, and in Counts 2-8 with seven counts of Theft of Property Used by Postal Service, in violation of 18 U.S.C. § 1707. Initially Defendant pled not guilty to these charges.  However, Defendant subsequently admitted, both orally and in writing, each of the elements of the aforesaid crimes, with the exception of the issue of value.  These admissions were included in the Admissions

of Michael Sargent, Docket 51, dated April 27, 2006, which was reaffirmed in open court, after appropriate colloquy with the undersigned judicial officer, on April 28, 2006. In a supplemental document entitled Clarification Concerning Admission of Michael Sargent at Docket 58, and in his Supplemental Trial Brief at Docket 57, Defendant made it clear that he admits all of the elements of Counts 1-8 in the Indictment, except the issue of value. This was reaffirmed by Defendant orally in open court the morning of trial.

Defendant also sought, pursuant to Rule 23(a) and (c) of the Federal Rules of Criminal Procedure, to have the primary remaining issue, that regarding the value of the stolen items, determined by the Court as opposed to a jury. Defendant's request to waive jury trial was addressed in open court on April 20, 2006, the Government consented to the request orally and in writing, and the Court approved it after Defendant executed a written Waiver of Trial by Jury (Docket 48).

## II.  TRIAL

The court trial of this matter took place on May 4, 2006, and concluded on May 5, 2006. The Government presented four witnesses. David Cottrell, CPA, testified on behalf of Defendant. At the conclusion of the evidence, Defendant moved for a judgment of acquittal, contending that the Government had failed to establish that the value of the losses sustained by the United States Postal Service exceeded $1,000. The Government acknowledged

that the value regarding Counts 5 and 6 of the Indictment did not exceed $1,000 and the Court denied the motion as to the remaining counts.  The Government's acknowledgment regarding value, combined with Defendant's earlier admissions, leads the Court to conclude that Defendant is **GUILTY** of Counts 5 and 6 of the Indictment, but that the value of the property involved is less than $1,000 with regard to these two counts.

### III. FINDINGS OF FACT

The facts hereof are generally not in dispute.  It is clear to the Court, beyond a reasonable doubt, based on the admissions of Defendant and the testimony presented at trial, that Defendant is guilty of Theft of Public Property or Records as charged in Count 1 of the Indictment, and is likewise guilty, beyond a reasonable doubt, of Theft of Property Used by Postal Service as charged in Counts 2- 8 of the Indictment.  It is further clear to the Court, beyond a reasonable doubt, that the value of the items stolen is, as alleged by the Government, in excess of $1,000 as to Count 1 of the Indictment; $2,463.68 as to Count 2 of the Indictment; $1,352.22 as to Count 3 of the Indictment; $1,579.32 as to Count 4 of the Indictment; less than $1,000 as to Count 5 of the Indictment; less than $1,000 as to Count 6 of the Indictment; $2,442.15 as to Count 7 of the Indictment; and $1,893.31 as to Count 8 of the Indictment.

**IV.    CONCLUSIONS OF LAW**

Specifically, with regard to the charges set forth in the Indictment, the Court concludes that the value in this case can be determined based on the face value of the stolen Postage Statements to the United States Postal Service (USPS) at the time they were stolen, as well as the value of these items to Defendant. Unlike U.S. v. Ligon, 440 F.3d 1182 (2006), the Government put on ample evidence of value. Certainly it was not Defendant's intention to steal worthless scratch paper from the USPS. Defendant was angry with the USPS because of perceived injustices and sought to injure it. He was upset by USPS overtime policy and felt that he would be a better Business Mail Entry Analyst than his friend who got the promotion instead of him. Defendant's goals were two-fold and they were clear and calculated.

First, Defendant sought to injure the USPS by reducing the monies it received from postal customers. He did this by accepting bulk mail from postal customers without charging the customers' accounts. Typically this charge would have been made by way of a computer entry (keyboard entry) that would have transferred funds from the customer's trust account to the USPS and would have generated a Form 3607. Defendant accepted bulk mail, but he did not make the required computer entry charging the customer for their postage. In the absence of such a computer

entry, the Postage Statement became the only evidence of the postal transaction. Defendant then stole the Postage Statement. The Postage Statements which Defendant stole were the hard documents that set forth the amount of money that should have been transferred from the customers' accounts to the USPS. They were financial records. By stealing these documents, after having failed to charge the customer for postage, Defendant prevented the USPS from knowing about, verifying, or collecting funds that it was entitled to. The concealment of the Postage Statements in question by Defendant eliminated any internal record that the postal customers were not being charged for postage. This, in turn, left the USPS vulnerable to theft by Defendant or anyone else who might intentionally or negligently send out mail that had not been paid for. And, although not necessary to establish guilt in this matter, circumstantial evidence makes it clear that it was Defendant who was sending out the vast majority of unpaid for mail.

     The stolen Postage Statements were of critical value to the USPS, especially once Defendant's scheme to defraud began, as they represented the only records of account receivables. Defendant's conduct is not much different than it would have been had Defendant taken a bundle of checks made payable to the USPS and surreptitiously burned them, except that in the case of the burned checks, the losses would likely have been easier to reconstruct. Had Defendant's scheme not been discovered, and absent customer

honesty, all of the funds reflected in the stolen Postage Statements would likely have been lost forever. As it is, much of the lost revenue has yet to be retrieved. However, the fact that the USPS might be able to recover some or all of the stolen funds does not mitigate Defendant's crime.

The second goal of Defendant's criminal activity was to assuage his own psyche. He wanted to "get his pound of flesh." And he was successful, for a period of time, in doing this. Both of Defendant's goals required actual loss to the USPS beyond the value of the paper taken. And both of these goals were accomplished until Defendant was caught.

Defendant's motive, although not an element of the crimes charged, is instructive and was steeped in anger and a desire for revenge. Defendant actually kept a spread sheet tallying the amount of revenue he had cost the USPS, which reflected losses of $449,265.18 as of the time of his arrest. In his mind there was no question that his criminal activity resulted significant monetary loss to the USPS.

## V. CONCLUSION

Therefore, for the reasons set forth above, the Court hereby finds that Defendant is **GUILTY**, beyond a reasonable doubt, of each of the 8 Counts set forth in the Indictment, and that the value of the items stolen is as set forth above.

Sentencing in this matter is hereby set for **August 9, 2006, at 9:00 a.m.,** in Courtroom 2 in Anchorage, Alaska.

The Court further orders that a pre-sentence report be prepared.

Given the agreement of the parties, Defendant shall remain on bail release until sentencing and shall comply with all existing conditions of release.

ENTERED this 5th day of May, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE