Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL DAVID SARGENT,<br><br>Defendant. | Case No. 3:05-cr-0118-RRB(JDR)<br><br>**MOTION FOR HEARING RE PROPOSED MODIFICATION OF CONDITIONS OF RELEASE**<br>*Filed on Shortened Time* |

Defendant, Michael David Sargent, by and through counsel Mary C. Geddes, Assistant Federal Defender, moves this court for a hearing with respect to his conditions of release. He proposes a modification of his bail conditions. Mr. Sargent has been convicted for felony and misdemeanor theft counts based upon his admitted removal and destruction of paperwork from his employer, the United States Postal Service. His sentencing has been scheduled for August 9, 2006.

Mr. Sargent has been on conditions of release since December 16, 2005, without incident. He has been subject to conditions of drug screening, electronic surveillance, curfew, and 24-hour third-party custody. Because his principal "third-parties" have been his elderly parents, he

has resided with them in their condominium since his release. Mr. Sargent has been wholly compliant with the conditions of his release.

Mr. Sargent originally proposed to reside away from his own home, because he is a firearms dealer and possessed a substantial inventory of firearms and ammunition. Since then, however, Mr. Sargent arranged for the removal of all his firearms into APD safekeeping, and, at a later time, all of his ammunition. Consequently, Mr. Sargent has been permitted to return to and spend time in his home, per this court's order, albeit in the presence of 24-hour third-party custodians since that requirement remains in effect.

At this juncture, however, Mr. Sargent seeks a modification of his conditions of supervised release, as follows:

(1) Because Mr. Sargent would like to be able to live in his home and because electronic monitoring and curfew requirements would still be in effect, he asks if he may be without a sight and sound third-party custodian **during those hours when he is at home**;

(2) Since Mr. Sargent attends, on the average, three therapy sessions per week at RITE, Inc., he would like to be able to travel, on his own, to those sessions, without imposing on a third-party custodian to accompany him;[1] and

---

[1] Mr. Sargent should complete the RITE, Inc., out-patient program around July 15. The program requires Mr. Sargent's attendance at the following sessions:

- Core Group sessions - every Thursday from 5PM-7PM (began 4/20)
- Men's Group sessions - every other Monday from 6PM-7PM (5/22, 6/8, 6/22)
- Focus Group sessions - 1st, 3rd, or 5th Mondays of each month from 4:30PM-6PM (four required schedulings)
- Education Group sessions - Saturday as scheduled from 9AM-3PM (one required scheduling)
- Individual sessions - minimum one per month (two hours) - open scheduling

(3) Mr. Sargent would similarly like to travel to the United States Probation Office for his urine screening appointments without imposing on a third-party.

Mr. Sargent seeks the first change in his bail conditions principally because Mr. Sargent anticipates that he will have to serve some period of incarceration, and, accordingly, lacking funds to cover mortgage payments, he should either sell his home or rent his property in anticipation of the change in his circumstances. In any event, then, Mr. Sargent needs to clean out his belongings, organize and store his property, and repair and prepare his house for the next occupant. None of his third-party custodians are able to move in with him while he engages in such time-consuming but absolutely necessary activity. Since the remaining conditions effectively enforce a house arrest requirement, he hopes that this modification may be approved. During those hours when he is at home, Mr. Sargent would remain under third-party custody, just not "sight and sound." His third-party custodians would be asked to remain in active contact with him, and of course would be required to accompany him anywhere outside the home.

Mr. Sargent also proposes the elimination of the 24-hour third-party requirement for travel to and his scheduled attendance either at the Probation Office or the RITE, Inc., out-patient program. Each of these appointment times and locations are well-known, in advance, to the Probation Office, and therefore these de minimus exceptions to the sight and sound third-party requirement are sensible.

Finally, Mr. Sargent would also propose an additional third-party custodian, Michael Newman, a friend of his who is well-known to Paula McCormack, as he is a retired state correctional officer and currently serves on the state parole board.

Retta Randall, who is the assigned prosecutor, had informed the undersigned that she does not agree to any change in the status quo; she intends to oppose any proposal for modification of the bail conditions. With respect to the addition of Mr. Newman as a third-party custodian, she would defer to the position of the Pretrial Officer, Paula McCormick.

Because modifications to existing bail conditions are proposed and because such modifications are opposed, Michael Sargent respectfully requests a hearing at the court's earliest opportunity.

DATED this 16th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on May 16, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Retta-Rae Randall, Esq.

/s/ Mary C. Geddes