Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:05-cr-0118-RRB |
| vs. | |
| MICHAEL DAVID SARGENT, | **MOTION TO CONTINUE RESTITUTION DETERMINATION** |
| Defendant. | |

    Defendant, Michael David Sargent, by and through counsel Mary C. Geddes, Assistant Federal Defender, respectfully moves this court to continue that portion of the sentencing hearing that pertains to restitution.  The imposition of sentence is scheduled for August 8, 2006. At this juncture the government has yet to comply with its obligation pursuant to 18 U.S.C. § 3664 (d)(1), to "not later than 60 days prior to the date initially set for sentencing," to "promptly provide the probation officer with a listing of the amounts subject to restitution."  As the court is required to determine restitution at the time of sentencing, the court may set a date for the final determination of the victim's losses not to exceed 90 days after sentencing.  18 U.S.C. § 3664(d)(5).

As this court knows from prior proceedings, bulk mailers are required to pay for their postage at the time of mailing. Mr. Sargent's omissions – i.e., his failure to make entries into the PostalOne! System – may have had the consequence that those bulk mailers who relied upon USPS accounting for their balances were misinformed and therefore did not pay for their mailing at the time required. Mr. Sargent subsequently identified each and every one of the business mailers whose accounts had not been timely debited with the amount of postage they owed for their bulk mailings. As bulk business mailing customers are typically repeat and regular customers of the USPS, it is unlikely they would refuse to pay what they owe the government.

Mr. Sargent is entitled to know what specific amounts the USPS claims are still subject to restitution. Although he has asked for the specifics, following his receipt of the draft presentence report, it was not provided in the final PSR and Ms. Randall states only that she will provide it in her sentence memorandum. A week will not likely allow the undersigned a sufficient opportunity to investigate the government claim; indeed, by statute, Mr. Sargent's counsel is entitled to sixty days' notice.

Accordingly, Mr. Sargent requests that the determination of his restitution be postponed.

The court is required to determine restitution at the time of sentencing. Had there been notification ten days in advance of sentencing, either by the government or the probation officer, that there were losses involved which had not been ascertained by sentencing, despite the exercise of due diligence, the court could have set a date for the final determination of the victim's losses not to exceed 90 days after sentencing. 18 U.S.C. § 3664(d)(5).

DATED this 31st day of July 2006.

> Respectfully submitted,
>
> FEDERAL PUBLIC DEFENDER
> FOR THE DISTRICT OF ALASKA
>
> /s/ Mary C. Geddes
> Assistant Federal Defender
> Alaska Bar No. 8511157
> 601 West 5th Avenue, Suite 800
> Anchorage, AK  99501
> Ph:  (907) 646-3400
> Fax:  (907) 646-3480
> mary_geddes@fd.org

Certification:
I certify that on July 31, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Retta-Rae Randall, Esq.

/s/ Mary C. Geddes