**MEMORANDUM**

To:             Patty Wong, Presentence Report Writer

From:           Mary Geddes, Assistant Federal Defender

Date:           July 24, 2006

Re:             United States v. Michael Sargent, Case No.  A05-118 Cr.
                Omissions noted in Final PSR and Request for Records Used in Preparation of PSR

cc:             Retta-Rae Randall, AUSA

--------------------------------------------------------------------------------------------------------------------

Patty, in looking over the final PSR, I noted the following:


        In paragraph 12b., you wrote

        "....The customer "trust account" is a lot like an escrow account, as it allows advance
        payments (deposits) by a business mail customer to be held until designated for use..."

I had submitted a different description:

                The customer "trust account" is not an escrow account; but an accounting designation
                allowing for advance payments by a business mail customer.

With all due respect, this later description is the correct one because the USPS does not physically
segregate these funds, which is the very nature of escrow, that funds are held in a discrete account.
The funds are paid into the Treasury.

        In para. 12c., you wrote

        "...however, the program does have the ability to move funds, e.g. from one account to
abother, in initiating a refund process, or allowing for annual fee payments."

We dispute that this is accurate. The testimony at trial was that PostalOne! was/is a stand-alone
system, not integrated with the cash accounting system. That is why the BMEU techs and clerks must
independently key in receipts (from the USPS chasier) inorder to maintain their records of debits.
As I said previously, the cash itself goes into the Treasury, and therefore, there is no physical
"movement" of funds.

1

In para. 16, you indicate you have records which reflect Mr. Sargent's request for vacation was made only two days before it began, and ended in mid-January. **Could I please have a copy of these records as this does not square with his recollection, nor is the leave record you describe the same as one I have reviewed, showing he was out until mid-February.**

In para. 19, you state theat "The supervisor advised that he had spoken with the defendant eight or nine times about billing the wrong trust account." The supervisor involved was Art Golez, and Mr. Sargent disputes that there were "8 or 9" conversations about this subject matter. In 2005, Mr. Sargent once mistakenly billed the wrong account, and the error was corrected.

In para. 65a., the 6th paragraph (beginning with Sargent also said) should have been in italics as it was also a quote from the information in your draft PSR.

In para. 105, you have reiterated the credit report run on 5/9/06, however, Mr. Sargent has reported to you in our past memo that he has significantly reduced his credit balances. Is there some reason more current information has not been included?

Finally, I don't know that "self-reporting" is typically discussed in the PSR, but as it may be in your recommendations, I wanted to let you know that Mr. Sargent requests the opportunity to self-report if he is ordered incarcerated in a BOP institution. Mr. Sargent seeks this arrangement because self-reported individuals are considered to be lower risks by the BOP, and therefore such persons move more quickly to lower-security settings. Roger Prince, one of his approved third-party custodians who has written a letter to the court, offers to accompany Mr. Sargent, and would voluntarily report any deviation from the travel schedule or conditions of release.

2