DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:05-cr-0118-RRB |
| | ) |
| Plaintiff, | ) |
| | ) **SENTENCING** |
| vs. | ) **MEMORANDUM OF THE** |
| | ) **UNITED STATES** |
| MICHAEL DAVID SARGENT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The United States files with the court its sentencing memorandum in the above captioned case pursuant to Local Criminal Rule 32.1(d)(1), for the Imposition of Sentence scheduled for August 8, 2006. The United States has no disagreements with the final revised presentence report dated July 24, 2006; however, the government is providing supplemental information.

## I.   OFFENSE CONDUCT

Michael Sargent (Sargent) was found guilty on May 5, 2006, of six (6) felonies and two (2) misdemeanors. He was convicted of Theft of Public Property or Records in violation of 18 U.S.C. § 641, with the total amount of loss $449,265.18. He was also found guilty of seven (5 felony and 2 misdemeanor) counts of Theft of Property Used by Postal Service in violation of 18 U.S.C. § 1707.

Sargent, a United States Postal Service (USPS) employee and union steward with the American Postal Worker's Union, had worked as a Bulk Mail Technician at the Anchorage Business Mail Entry Unit (BMEU) for 16 years. Beginning in 2005, Sargent cleared for mailing bulk mail from business customers without then deducting payment for that mail via the Postal One system from the business customers' trust accounts. The Postal One system is the computer system from which postage is deducted from the trust accounts and paid/transferred to the USPS; the trust account is established by the business mailer with the Postal Service in advance of presenting a bulk mailing. Postage Statements submitted with the bulk mailing by the customer, once verified by the Bulk Mail Technician, are used by the Technician to implement the transfer of funds. In addition to depriving the USPS of payment for the bulk mail which Sargent had cleared for mailing, he stole and destroyed the Postage Statements, thus thwarting any ability by the USPS to verify or track the losses.

Sargent was stopped only by his arrest.

## II. ADVISORY SENTENCE CALCULATIONS PURSUANT TO PRESENTENCE REPORT (PSR).

Base Offense Level (2B1.1(a)(2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Amount of Loss (2B1.1(b)(1)(H)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +14

    Adjustment for Role in the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . +2

    Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Adjustment for Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Total Offense Level (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Criminal History Category (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Advisory Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33 - 41 months

## III. SUPPLEMENTAL INFORMATION.

    **A.  Paragraph 16 is correct - Sargent did request leave two days after being notified that he did not receive the promotion.**

    Paragraph 16, footnote 1: The government agrees that Sargent returned to work on February 11, 2005. Exhibit 1, Affidavit of Postal Inspector Matthew Hoffman, explains the process for requesting leave from the USPS. There is a difference between an employee notifying his union of plans for leave and officially submitting a leave slip to the USPS. As the Affidavit with attachments indicates, a letter from

Sargent to Beverly Christie, Manager, BMEU, confirms his notification on December 13, 2004, that he did not receive the promotion. His official leave slip was submitted on December 15, 2004, for leave beginning January 10, 2005. See Exhibits 1A and 1B.

**B.     Paragraph 49 - Adjustment for Role in the Offense, Abuse of Position of Trust.**

This adjustment is appropriate as Sargent worked alone in the position of Bulk Mail Technician a great amount of the time, and his false representation that mail "was cleared" carried great weight with the mail handler in the BMEU who then transferred the mail to other areas for delivery. Although Sargent had supervisors is the chain of command, they did not work as late as Sargent. Sargent could maintain the appearance of doing his job while selectively taking Postage Statements home and not entering them into the system for payment.

**C.     Paragraph 57 - The BMEU employee who signed for the stolen Adobe software was Michael Sargent.**

See attached Exhibit 1, Affidavit of Postal Inspector Matthew Hoffman, as well as Exhibits 1C and 1D.

**IV.    SENTENCING RECOMMENDATION.**

Sargent admitted the elements of the offenses with which he was charged except for the element of value and proceeded to a bench trial on this issue.

In finding that the postage statements for business mailings at the USPS were items of value, the court found that Sargent was seeking to accomplish two goals in a "clear and calculated" manner. First, Sargent sought to injure the USPS by reducing the monies it received from postal customers. Second, Sargent wanted to "get his pound of flesh". Docket 61, at 4, 6.

Regardless, Sargent continues to minimize his motive for his crimes and their impact on the USPS. He characterizes it as "actually doing the Post Office a favor by exposing a weakness in the accounting system." However, the system did not have the weakness, Sargent did; and although he proclaims his altruistic motives, he never informed the USPS of his sabotage until after his arrest and after harm to the USPS had occurred. As the court found, Sargent's motives were not benevolent, but hostile and malicious.

On December 13, 2004, Sargent was notified that he did not receive promotion to the position of Business Mail Entry Analyst EAS-15. (See Exhibit 1A) His overtime use was also severely restricted after the November elections in 2004. If he had "bid to a lower level clerical position domiciled at another location" as stated in

his December 19, 2004, letter to Beverly Christie, he would not be facing sentencing by this court. Instead, he took his leave of absence, and returned to implement his revenge. He stole numerous postal documents, but most importantly the Postage Statements. His criminal acts include not only the failure to transfer funds, but the destruction of Postal Statements, which then eliminated the internal records needed to charge for postage, and to substantiate the loss after his crimes.

Dr. Ohlson, using results of the Millon profile test, describes Sargent as possibly finding crowded conditions in prison as highly discomforting. Prison is meant to be punishment, not convenience. "He may passively resist authority by loafing and shirking responsibilities." - the same conduct exhibited during his employment at USPS, and this should be rewarded with minimal confinement?

Who stands before the court for sentencing is described as two differing Michael Sargents - "a public and a private Michael Sargent". The psychological treatment requested for the private Michael Sargent can be provided in any setting. Other treatment needs can be provided in the same way. But Michael Sargent, the convicted criminal, needs to serve a prison sentence.

Sargent makes a great deal about the fact that he did not personally profit from his actions. This is not the case of a defendant with financial difficulties who takes "loans" from his employer to help with his family and friends' financial difficulties,

always expecting the "loans" to be paid back. This is an individual who was determined to financially harm the Postal Service because of his bitterness and malevolence. Sargent is a man of obvious intelligence and his experience as a union steward made him aware of other choices he could make if he was dissatisfied with his employment. Instead, he chose actions "steeped in anger and a desire for revenge." Docket 61 at 6.

A sentence of significant jail time reflects the seriousness of the offense and will promote respect for the law as well as serve as a deterrent to others so inclined to act as Sargent did. See 18 U.S.C. § 3553(a). A significant jail sentence also punishes him for the harm done, beyond merely financial harm, to the United States Postal Service.

The United States therefore requests:

(A)  A sentence of thirty-three (33) months;

(B)  Restitution to the USPS in the amount of $59,188.72, with any additional amounts collected by USPS to be credited toward this restitution amount;

(C)  A fine in the amount to be determined by the court;

(D)  A mandatory special assessment in the amount of $100 for each felony conviction and $25 for each misdemeanor conviction; and

    (E)    Three (3) years of supervised release.

RESPECTFULLY SUBMITTED this 1st day of August, 2006, in Anchorage, Alaska.

                                              DEBORAH M. SMITH
                                              Acting United States Attorney

                                              s/ Retta-Rae Randall

                                              Assistant U.S. Attorney
                                              Federal Building & U.S. Courthouse
                                              222 West Seventh Avenue, #9
                                              Anchorage, Alaska  99513-7567
                                              Phone: (907) 271-5071
                                              Fax: (907) 271-1500
                                              E-mail: rettarae.randall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2006,
a copy of the foregoing  was served
electronically on Mary C. Geddes,
and was placed at the front desk of the
USAO for Patricia A. Wong
U.S. Probation/Pretrial Services Officer.

s/Retta-Rae Randall